UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JOSE LISBOA, JR., | ) | CASE NO. 1:10 CV 1753 |
| Petitioner, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) ) | MEMORANDUM OF OPINION |
| COURT OF COMMON PLEAS, et al., | ) ) | AND ORDER |
| Respondents. | ) ) ) | |

Before the court is pro se petitioner Jose Lisboa's above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Lisboa seeks an order from this court dismissing charges filed against him in the Cuyahoga Court of Commons Pleas, Ohio.

*Background*

The criminal case docket in the Court of Common Pleas, Cuyahoga County reveals Petitioner was indicted on April 14, 2004. See State of Ohio v. Lisboa, No. CR-04-451451-ZA (Cuy. Cty. Ct. Comm. P. 2004). The indictment charged him with aggravated assault in violation of ORC § 2903.12, domestic violence in violation of ORC § 2919.25, and possessing criminal tools in violation of ORC § 2923.24. On September 24, 2004, he retracted his former plea of not guilty and entered a plea of guilty to aggravated assault and domestic violence. The third count was nolled by the prosecution. As a condition of his plea, Mr. Lisboa agreed to waive extradition and leave the United States within 45 days of the plea agreement. Upon motion by Mr. Lisboa, the Journal Entry was corrected on November 1, 2004 to read that: "DEFENDANT SHALL SERVE A TERM OF INCARCERATION OF 11 MONTHS NOT 18 MONTHS IF PLEA AGREEMENT IS NOT

COMPLIED WITH."

On June 17, 2005, petitioner was deported. As such, the court terminated the Community Control Sanctions previously ordered. On April 21, 2006, Mr. Lisboa filed a Motion to Vacate and Allow Withdrawal of Plea under Criminal Rule 32.1. After a full hearing, the court denied petitioner's motion to withdraw his plea and for a new trial on December 19, 2006. Petitioner appealed to the Eighth Appellate District Court of Appeals on January 11, 2007. See State v. Lisboa, No. 89283 (8th App. Dist. Ct. Appeals). The Court of Appeals vacated petitioner's plea and sentence on March 3, 2007 and remanded the case to the trial court.

Petitioner filed a Motion for Discharge and/or Dismissal of Charges on September 23, 2008. The Motion to Dismiss was denied on February 23, 2009. On September 9, 2009, a pretrial was held wherein the following was established:

> A REVIEW OF THE DOCKET REVEALS THAT AT THE LAST PT, STATE INDICATED IT WOULD APPRISE THE COURT OF THE INTENT TO EXTRADITE DEFENDANT. STATE WAS AWAITING THE RESULTS OF A HEARING BEFORE US IMMIGRATION THAT DEFENDANT HAD APPRISED THE COURT AND COUNSEL WAS PENDING. THE COURT HAS NOT BEEN UPDATED AS TO EITHER THE STATUS OF SAID HEARING AND/OR EXTRADITION PROCEEDINGS PERTAINING TO THIS DEFENDANT. DEFENDANT INDICATED THAT ON JULY 7, 2008 AN IMMIGRATION JUDGE ORDERED HIS DEPORTATION REVERSED AND THE UNITED STATES GOVERNMENT APPEALED AND SAID APPEAL IS PENDING. AS SUCH, COURT CANNOT PROCEED WITH THE CASE UNTIL AND UNLESS DEFENDANT EITHER IS ABLE TO RETURN TO THE COUNTRY OR IS EXTRADITED BY THE STATE OF OHIO. COURT SETS A PRETRIAL ON 12-15-09 AT 9AM. TO RECEIVE AN UPDATE ON SAID ISSUES. THERE SHALL NOT BE ANY ACTIVITY ON THE CASE IN THE INTERIM, UNTIL THE COURT CAN CONFIRM THE DEFENDANT IS IN THE UNITED STATES OF AMERICA. THE CLERK IS ORDERED TO SERVE A COPY OF THIS ORDER TO MAXWELL MARTIN, ASSISTANT COUNTY PROSECUTOR, 9TH FLOOR JUSTICE CENTER, 1200 ONTARIO STREET, CLEVELAND, OHIO 44113. AND JOSE LISBOA, DEFENDANT, AT: RUA MINISTRO FERREIRA ALVES 208-SL-01 SAO PAULO, SP, BRASIL 05009-060. MR. LISBOA MAY PARTICIPATE VIA TELECONFERENCE AND A COURT REPORTER SHALL BE PRESENT AT SAID PRETRIAL. DEFENDANT REQUESTS A TRANSCRIPT OF THESE PROCEEDINGS AND MAY ORDER SAME FROM THE COURT

REPORTER'S DEPARTMENT, BY CONTACTING THAT DEPARTMENT AND ARRANGING SAME. IT IS SO ORDERED. 09/09/2009 CPBMM 09/10/2009 12:07:39

Lisboa, No. CR-04-451451-ZA (Filed Sept. 11, 2009.) The last entry on the docket in this case is petitioner's Motion for Reinstatement of Appeal the Eighth Circuit dismissed on October 29, 2009 for failing to file a brief in support of his appeal.

During the pendency of the 2004 indictment, Mr. Lisboa was again indicted in the Cuyahoga County Court of Common Pleas on April 1, 2009. See State of Ohio v. Lisboa, No.CR-09-522757-A (Cuy. Cty. Ct. Comm. P. 2009). The indictment charged petitioner with felonious assault, telecommunications harassment, and aggravated menacing. A certified summons for Mr. Lisboa to appear for his arraignment was returned to the court "Signed by Other." A capias for petitioner was issued and sent to the Sheriff on April 23, 2009. Petitioner moved to set aside the capias and allow a not guilty plea in absentia on May 20, 2009. The trial court denied the motion.

On September 22, 2009, Mr. Lisboa filed two separate Notices of Appeal in the case. Both appeals were dismissed sua sponte on November 16, 2009 and December 3, 2009, respectively. A third appeal was filed October 30, 2009 and dismissed sua sponte on January 8, 2010. On March 2, 2010, he filed a pro se Motion to Dismiss the Indictment based on vindictive prosecution. The motion was denied on April 2, 2010. Mr. Lisboa filed two additional Notices of Appeal on April 28, 2010. Both of his appeals were dismissed sua sponte on May 6, 2010. Mr. Lisboa maintains that the prosecutor is illegally "persecuting" him in retaliation for filing a successful appeal vacating his guilty plea.

*28 U.S.C. §2241*

Section 2241(c)(3) states that the writ shall not extend to a state prisoner unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." The text of the statute makes clear, and the Supreme Court has confirmed, that "custody" is a jurisdictional prerequisite to habeas review under § 2241(c)(3). See Hensley v. Mun. Court, 411 U.S. 345, 351 (1973) ("The custody requirement of the habeas corpus statute is designed to preserve the writ of

habeas corpus as a remedy for severe restraints on individual liberty.")

The Supreme Court has construed the phrase "in custody" very broadly. "[T]he use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody." Jones v. Cunningham, 371 U.S. 236, 239 (1963). To satisfy the custody requirement, the Supreme Court has held that a petitioner must show that he is subject to a significant restraint upon his liberty "not shared by the public generally." Id. at 240. For example, the custodial requirement has been held met by prisoners released on parole, id. at 242-43, prisoners released on their own recognizance, Hensley, 411 U.S. at 351, and prisoners free on bail, Lefkowitz v. Newsome, 420 U.S. 283, 286 n. 2, 291 n. 8 (1975).

Since his deportation on June 17, 2005, there is no evidence Mr. Lisboa has returned to the United States. The address from which he filed this action is in Sao Paolo, Brazil and an outstanding capias has been issued against him. While the Sixth Circuit has held that a court is not deprived of jurisdiction if a party is removed to his host country during the pendency of a petition challenging a deportation order, see Rosales-Garcia v. Holland, 322 F.3d 386, 395 n. 6 (6th Cir.2003) (en banc), Mr. Lisboa was not in the United States at the time he filed this petition. Title 28 of U.S.C. § 2241(c)(1) limits the availability of the writ to those "in custody" at the time the petition is filed. See also United States v. Garcia-Echaverria, 374 F.3d 440, 447 (6th Cir.2004). Unlike those cases involving an alien's challenge to his deportability status, Mr. Lisboa's petition does not "show some sufficient collateral consequence of the underlying proceeding," Leitao v. Reno, 311 F.3d 453, 455 (1st Cir.2002), that would satisfy his 'in custody' status. Even if his custody status were not in question, petitioner is not otherwise entitled to relief.

*Pre-Trial State Detainee*
*Federal Habeas Relief*

There are generally two types of relief sought by an accused who asserts a pre-trial habeas petition:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the first type, while an

> attempt to force the state to go to trial is of the second. While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met.

Dickerson v. State of Louisiana, 816 F.2d 220, 226 (5th Cir.), cert. denied, __U.S.__, 108 S. Ct. 352 (1987) (citing Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir.1976)); see also Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493(1973) ("nothing we have said would permit the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court"). In the instant petition, Mr. Lisboa seeks dismissal of the charges against him and release from custody. He is attempting to prevent the prosecution of his case; and, thus seeks to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." Brown, 530 F.2d at 1282-83; Braden, 410 U.S. at 489. This relief "is not attainable through federal habeas corpus." Brown, 530 F.2d at 1283. As such, his request for habeas corpus relief is not an available remedy, absent "special circumstances." Dickerson, 816 F.2d at 227 (citations omitted).

Although federal courts have authority to consider on habeas corpus the merits of a constitutional defense to a state criminal charge in advance of a final judgment of conviction, Ex parte Royall, 117 U.S. 241, 253 (1886), considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-91 (1973). This is not one of them.

Petitioner claims that vindictive prosecution has denied his right to due process in violation of the Fifth Amendment of the Constitution. The Due Process Clause insures notice, regularity and impartiality in connection with trials and the similar treatment of similar cases. It does not, however, involve the "right not to be tried." Petitioner's due process claim based on prosecutorial vindictiveness aims "to prevent a trial from taking place at all, rather than to prescribe procedural rules that govern the conduct of (the) trial." Blackledge v. Perry, 417 U.S. 21, 31 (1974), (quoting Robinson v. Neil, 409 U.S. 505, 509 (1973)). Protection from prosecutorial vindictiveness

5

avoids a person convicted of an offense from retaliation by substituting a more serious charge for the original one. Blackledge, 417 U.S. at 28 (1974). In Blackledge, the Court concluded that the prosecutor had a "considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo in the Superior Court." Id. This was because "such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free." Id. The Court did not base its ruling in Blackledge on a finding that actual vindictive conduct had taken place. Instead, the Court found it sufficient that there existed a "realistic likelihood of vindictiveness." The Court concluded that "the opportunities for vindictiveness in this situation (were) such as to impel the conclusion that due process of law requires a rule analogous to that of the Pearce case."[1] Id. at 27.

The mere possibility that prosecutorial conduct may be vindictive is insufficient to trigger judicial sanctions. United States v. Andrews, 633 F.2d 449, 454 (6th Cir. 1980). It is only where the possibility of vindictiveness is substantial that Pearce-Blackledge sanctions are triggered. Simply fearing prosecutorial retaliation is not sufficient by itself. Contrary to Mr. Lisboa's assertions, the filing of a second indictment against him is not enough to trigger Pearce-Blackledge sanctions. The factual situation must pose a realistic likelihood of vindictiveness. See Chaffin v. Stynchcombe, 412 U.S. 17, 29 (1973) ("the court (in Pearce) intimated no doubt about the constitutional validity of higher sentences in the absence of vindictiveness despite whatever incidental deterrent effect they might have on the right to appeal.") In its reversal of the district court's holding in Andrews, the Sixth Circuit clarified

> The district court applied a near per se appearance of vindictiveness standard, i. e. where the prosecutor adds charges after the defendant's exercise of a

---

[1] Pearce is a reference to North Carolina v. Pearce, 395 U.S. 711(1969), one of three seminal prosecutorial vindictiveness cases decided by the Supreme Court. In Pearce, the Court ruled that a trial judge could not resentence a defendant to a longer sentence than had been originally imposed where the defendant was convicted, sentenced, won reversal on appeal and was then reconvicted and resentenced.

6

> procedural right, there arises an appearance of vindictiveness which the government has the "heavy burden" to rebut. 444 F.Supp. at 1244. We think that this standard is too harsh and operates to unduly limit prosecutorial discretion. The proper standard, in the opinion of the en banc court is not whether there is an appearance of vindictiveness, but whether there exists a "realistic likelihood of vindictiveness." Only then should the government be required to assume the burden of rebutting with objective facts

Andrews, 633 F.2d at 457.

An noted above, a question remains regarding Mr. Lisboa's 'in custody' status. Efforts to extradite him still appear unsuccessful. There is little incentive for the prosecutor to file new charges in an effort to punish a petitioner who is no longer in the United States. Under these unique circumstances, this court cannot establish that special circumstances exist to warrant habeas relief at this time.

*Conclusion*

Based on the foregoing, this petition is dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                     */s/Dan Aaron Polster 12/22/10*
                                     DAN AARON POLSTER
                                     UNITED STATES DISTRICT JUDGE

.